first case which is 18-2060 United States v. Garcia. Ms. Roden, you may proceed. Thank you, your honor. May it please the court, counsel. Starting big picture in a criminal case, the most important piece is either the adjudication of guilt or an acquittal or dismissal. Sentencing certainly has an impact on the specific defendant as well as suppression. Suppression issues may resolve all issues or some or narrow the focus of a trial. But it's the adjudication, it's the determination either through a jury trial or through the change of plea that is of paramount importance. Narrowing this down a little bit from the big picture to the issue before the court today in this case, which is whether Rule 11 allows an individual as a matter of right to withdraw their guilty plea when that plea has been conducted in front of a magistrate. We really need only three contentions in order to get to this result. First is that the change of plea is dispositive. It gets hard to make a good faith argument otherwise. Dispositive is defined as disposing of the charge or defenses. Certainly a guilty plea, a change of plea disposes of all charges and defenses. The government conceded this issue at the trial below. Is it dispositive, for example, for a magistrate judge to conduct a misdemeanor trial and sentence the defendant? I want to make sure I understand your question, is it dispositive if a magistrate conducts a misdemeanor trial? Yes, a misdemeanor trial, say a class A misdemeanor, up to one year in prison, and sentences the defendant. Is that a dispositive matter? That is dispositive. And in 1991, Peretz v. United States, did the Supreme Court not say that with consent it is permissible under 636B3 for a magistrate judge, with the party's consent, to do just that? In Peretz, the issue was the jury selection. Could the magistrate conduct jury selection with the party's consent? In Peretz, they said yes. We also have precedent, do we not, saying that a class A misdemeanor, under the additional duties clause of the to a full trial before a magistrate judge and sentenced, right? That's correct. And I believe the distinction that we would find between that matter and the matter before this court today with Mr. Garcia is, when you look at the additional duties clause, it has to be of comparable importance and comparable responsibility. So misdemeanor cases are simply that, misdemeanors, and they have a different level of importance, based in large part on the sentence or the punishment that's available, than you have in a felony case. Felony cases is understandably of greater importance and responsibility in determining an adjudication, and that's what makes it different than those misdemeanor cases which have been included under the FMA. Although somebody's still going to jail, right, for up to a year, I mean, you get a longer sentence under a felony, but the restriction on liberty could be considerable. That's true, I would concede that for sure. Jail, if I were going for a day, I wouldn't like it. Even a day. What do we, we've got a couple of obstacles, maybe three obstacles, maybe more. Falls, solace, and Ciappone. What do we do about our binding precedent? Great, thank you Judge Tinkovich. So let me start in reverse order from the oldest to the newest. So Ciappone, or however you pronounce it, predates the promulgation of Rule 59 of the Rules of Criminal Procedure. Also in Ciappone, there was no request to withdraw the plea. Yeah, let's stop it, let's go see. For Rule 59, I mean, I think it gets a lot of weight, and I suppose it's ratified by Congress at some point, but it's, you know, we're ultimately dealing with either a constitutional or statutory question about the, you know, the non-Article III judge perform in these circumstances given the consent of the parties or waiver. So what's, you know, why has Rule 59 changed the landscape? Certainly, so Rule 59, just to the language of it, changes the landscape. The rules do have the effect of law. So we can't, we can't ignore them. We can't, we can't act as if Rule 59 no longer exists. It does exist. The language is perfectly clear. Although the commentary is pretty clear that they carved out, you know, they pun it really, don't, wouldn't you agree on whether your facts are dispositive or non-dispositive? They did punt on defining dispositive. And specifically wanted to leave in place the ability to refer such things to the magistrate in the Tenth Circuit. That's correct. So the committee on that had references from, or recommendations from the magistrate's subcommittee about whether or not they should define dispositive. The committee did in fact punt on that issue. The fact that they punted, however, doesn't mean that all of a sudden we would think of a change of plea as not being What I find interesting is the rule and the Federal Magistrates Act are incredibly congruent. They, they both, when you talk about dispositive versus non-dispositive, they take two separate tracks for both of those things. And for anything that's defined as dispositive, both the FMA and Rule 59 both require that then the matter may be referred to a magistrate, but only for report and recommendation. And then they both also require de novo review from the district court over those recommendations. So the FMA and 59 mesh together beautifully. The piece that kind of throws a wrench in this whole thing is really how New Mexico, or even this circuit then, has treated change of pleas before a magistrate in a felony case. And let me ask you this, are we reviewing here for plain error? This wasn't preserved in the district court, was it? It was preserved in the district court. So what happened at the district court was Mr. Garcia's trial counsel argued to, to move, to withdraw the plea under constitutional, basically analysis, an FMA analysis. Then the government asked the court again, please set aside this, let, let Mr. Garcia remove it as a right based on Rule 59. Right, but your client never argued Rule 59 to the district court. That's correct. So what you can, what you can assume from, from the proceedings before the district court is the government filed their motion saying that they believe Rule 59 precluded or allowed my client to withdraw his guilty plea. Certainly it would have been weird for my client to object in any fashion to that motion because that's the exact same result. He could join. He could have joined. Yes, I agree, Your Honor. And that is not present in the trial below. I agree. What I would submit to this court is that you review the district court's work. And in this case, the district court did undertake then a substantive analysis. Well, I will, I, I'm not sure I agree with you on that. The district court ultimately denied the government's motion because it said it was untimely, that there was no reason that this needed to be brought on a motion for reconsideration because everything the government needed to know to raise its argument already knew previously and that it can hang your hat on, that the district court, even if we didn't preserve it, the district court went ahead and ruled on the merits because the district court really focused on this isn't new. So Judge McHugh, I have two responses to that. One is that the district court did in fact, in its second order, second memorandum and opinion in order, did in fact undertake a substantive analysis of Rule 59 and what it considered to be this court's prior precedent. So at first that we think this is maybe not appropriate under a motion for reconsideration, but then went ahead and did the analysis. So that's one, one basis under which I think you can review. Secondly, if you look at prior precedent in terms of Peretz even, where, where appellate courts do undertake review of trial courts when it involves the court's jurisdiction, and they do that without having her argument below and they do it even with consent. So even in Peretz, the defendant gave consent, but what the court did, what the Supreme Court did was say, this is still of paramount importance. And if we don't look at cases where consent was given to a magistrate, we will never review them because either the defendant did not give consent and we're never talking about it or they did, but then we have to still undertake review or we'll never know if it's appropriate for the magistrate to undertake that jurisdictional authority. So those are the two responses I would have. Why isn't it invited here then? I mean, the client consents and then pleads guilty and then has every opportunity to withdraw the consent, you know, at some point along the path, doesn't, and then later on here we are. Well, he did ask to withdraw his plea before the trial court. He did that before the and then moved to withdraw his plea before the district court ever saw him. But in addition, again, looking at Peretz, the court undertook review and there's two other cases, I believe referenced in the Seventh Circuit case of Hardin, where the United States Supreme Court also undertook review of matters where consent was given to a magistrate. So it's in Nagayan and then Wingo. And Wingo specifically reviewed magistrate judge's authority to conduct evidentiary hearings in habeas cases. At the time, the FMA did not allow for that. And in Wingo, the Supreme Court then reviewed, well, there was consent by a defendant to have the magistrate undertake these duties. And in Wingo, the Supreme Court said, no, this superseded the magistrate's authority. So you have United States Supreme Court precedent where the court takes it on themselves to review magistrate's authority, because again, otherwise we never have review of those issues. So anything to indicate that we have to take it on? I mean, we have the discretion, right? If it wasn't preserved. Do you have to take it on? Let me think about that for a second. I think it was preserved. So obviously, I think Judge McKeon, I will just disagree on that, please. I believe it was preserved below. By your client. My client preserved, I think, part of the argument and part of the argument was presented by the not explicitly. Do you have to undertake review? I guess I don't know how to answer it, but for again, citing that courts do. Courts do, in fact, undertake review to figure out, does the magistrate have authority to do what has happened in this particular case? Can I ask you, going back just a bit, I want to make sure that I understand specifically your argument. My understanding is that you are not questioning under the Federal Magistrates Act, 636B.3, I think, that taking a guilty plea by a magistrate judge is within the residual clause, the additional duties clause. At CIPONE, you're not questioning that it is constitutional for a magistrate judge to take a guilty plea in a felony case. I think I'm on the same page. What I would tell you, Judge Bachrach, is I believe that a change of plea, even in a felony case, can be referred to a magistrate, but the magistrate then must make only a report of recommendation. Well, I understand that, but my question is really specific and it's quite different. I know you're arguing that this is contrary to law, that it is contrary to Rule 59, but am I correct that you are not questioning the constitutionality, if consistent with the laws of the United States, for a magistrate judge to take a guilty plea in a felony case? I want to make sure I'm answering this for you, so please, again, tell me if I'm wrong. I think so long as, and I really am not trying to circumvent your question, so long as it's done with a report and recommendation that is subject to de novo review of the district court, then there are not constitutional concerns. All right. If it happens where the magistrate simply accepts it and there's no review, then I think there are constitutional concerns. All right. Well, CIPONE said quite to the contrary. Pre-Rule 59, CIPONE said, under the residual clause of 636B3, that it is constitutional for a magistrate judge to take a guilty plea. Do you agree with that? I do agree that- And it's superseded by Rule 59. That's your whole argument, correct? That's it, yes. All right. So in Rule 59, what Congress said is that a district judge may refer a litany of dispositive matters to a magistrate judge, right? Correct, for a report and recommendation. For a report and recommendation. It said nothing one way or the other. It was permissive, not anything contrary to that. The word is may, correct? The referral is may. Once the referral's made, the language is mandatory. Well, that's your argument, but can you point to anything in Rule 59 that says anything other than a district judge may refer a litany of dispositive matters to a magistrate judge for a report and recommendation? Yes, after that language, then the rule talks about what the magistrate must do, and the magistrate must make a report and recommendation- Must do a report and recommendation. Must do a report and recommendation. If the district judge refers these matters to a magistrate judge for a report and recommendation. Correct. It doesn't say anything one way or the other about whether, with the consent of the parties, a district judge may do something beyond that litany of matters. Rule 59 does not reference consent. Right, one way or the other. And so, do you agree that if we have this CFO precedent that the chief was asking you about, that we have to look at our precedent determining, for example, under Barnes, whether it is plain and pelucid that the adoption of this rule vitiates our pre-Rule 59 precedent? And if we conclude that it is not plain and pelucid that Rule 59 vitiated our precedent in Siopone, then we are obligated to affirm, correct? I would argue to you that in light of Rule 59, Siopone is no longer binding precedent, because the facts are simply different and the law has changed. So, I don't know if it has to vitiate Siopone, but it certainly alters the landscape in a way where you now have to take into account Rule 59. And to do otherwise, you either have to ignore 59 or add language like consent into 59, which simply doesn't exist. So, I think you are in just a different realm. And I would argue that Siopone, it's not binding precedent as to this case and this issue based on the promulgation. Not only that, it's unconstitutional. I'm sorry, your honor? Siopone would be unconstitutional based on your argument. Siopone would not follow Rule 59, which wasn't in place at the time. So, it was fine. But now with 59, it's gotten wrong. I'm out of time. Thank you very much. Thank you, counsel. Let's hear from the United States. May it please the court, counsel. Fenella Tessier on behalf of the United States. The district court did not abuse its discretion in denying the government's motion to reconsider because it was based on an argument that the government could have but did not raise at the time of the initial briefing on Mr. Garcia's motion to withdraw. The district court also did not err in denying the initial motion to withdraw. Mr. Garcia argued only that the Constitution and the Federal Magistrates Act prohibit a magistrate from accepting a guilty plea. But that argument is squarely foreclosed both by this court's decision in Siopone, which predates Rule 59, but also this court's published opinion in Salas-Garcia, which postdates the adoption of Rule 59. As to his arguments on appeal that there was a Rule 59 violation, Mr. Garcia has both waived and forfeited those arguments. Well, with regard to forfeiture or waiver, we have a number of cases saying that forfeiture and waiver itself can be forfeited or waived. We have U.S. v. Rotabal, for example, but we have a lot of those cases. It's a discretionary doctrine.  So, how in the world should we enforce a forfeiture rule against Mr. Garcia when you or the government specifically presented exactly the same argument to the district judge and the district judge, after saying that it was untimely presented, specifically rejected the argument that your client presented? The whole reason for our forfeiture doctrine is to prevent reversing when the district judge is not alerted to the underlying argument, but here we all know the district judge was. That's correct, Your Honor, and we recognize this is an unusual situation. This court has held that it does not preserve an argument for the argument to be raised only in a motion for reconsideration. That's in Verner, and the court went on to say that it is only appropriate for the court to reach the merits if it believed that the district court abuses discretion in first ruling that the arguments were untimely, and the district court did, in fact, raise that here. The elephant in the room in Verner was that you had the same party prosecuting the argument in the motion to reconsider and on appeal, and here it is the appellee who had presented the argument for, on behalf of the defendant, in district court, which seems to be a gigantic difference. That's correct, Your Honor. That is a big difference between Verner, and now the question of whether a party can change its positions in the litigation is more appropriately governed, I think, by the doctrine of judicial estoppel, and of course the doctrine of judicial estoppel says that the government is estopped from raising a different argument on appeal only if the court below adopted the argument that the government advanced, and the court did not adopt the argument that the government advanced here. Now, we have not waived our forfeiture argument in this court, of course, because we raised it in our brief and said that it was the defendant's burden to show plain error that affected his substantial rights, and the defendant didn't even attempt to meet that burden. Now, he can't meet that burden because he not only forfeited this argument by he waived any objections to any Rule 59 violations in two ways. First, he waived that right by agreeing in the first instance to have a magistrate judge accept his guilty plea. He was told on, he signed a written waiver saying that he agreed to proceed in front of a magistrate judge, and he was told at least two times during his plea hearing that he had a right to have a district judge accept his guilty plea, and that if he wished to proceed in front of a district judge, he could go ahead and do that, and he did not exercise that right. Instead, he affirmatively waived any right to object to the proceedings that he agreed to. He secondly waived any Rule 59 violations by failing to object within the 14-day period. Rule 59, now this is assuming that Rule 59, that you have 14 days to seek to withdraw your guilty plea or to object to the proceedings. I mean, they seem to me to be dealing with different issues. They may well be. I think our argument is even if you assume that Rule 59 applies here, he waived any right to, he waived his objections under Rule 59, both Rule 59A and Rule 59B set a 14-day time limit. For objections to a report and recommendation. For objections to a report and recommendation under 59B or to a magistrate's action under 59A, but that is an absolute waiver. Where, okay, so where does it say in Rule 59, I think you said A, does it say that a defendant or a party has 14 days to object to a magistrate judge's action? I had thought it said you have 14 days to object to a magistrate judge's report and recommendation. Am I incorrect? That's no, that's correct for 59B, but 59A also says that you have 14 days to object to a magistrate's action. For example, if you had a discovery motion in front of a district judge. Okay, for a non-dispositive matter. For a non-dispositive matter. Okay, sure. Yes, that's right. This is not a non-dispositive matter. Well, the government hasn't taken a position on whether this is a dispositive or non-dispositive matter. Our argument is simply whichever aspect, assuming that Rule 59 does apply, whether it's Rule 59A or Rule 59B, there is a 14 day period that you have to object. And if you do not object within 14 days, you have waived any right to object. Now, that argument doesn't really work because while 59A is not tied to report and recommendation, 59B is. And we're dealing here with an argument that it's a dispositive matter, so we're looking at 59B. And so it would be 14 days from the report and recommendation, right? Well, it's 14 days from the written findings of the magistrate judge. And I think if you, assuming you believed that Rule 59B applied, you could construe the entry on the docket where the magistrate judge said that he was accepting the guilty plea as a report and recommendation if that were required. We're not taking the position that it's required or not required. It's just that whatever was required, the defendant only had 14 days to object. But I'd also note that the defendant, again, by agreeing to have the magistrate judge accept his waived any argument that some other procedure needed to take place. And that doesn't mean that as a constitutional matter, the defendant didn't have any right to review. Chiapone was decided in 1996 before there was a right to withdraw for any or no reason under Rule 11. At the time Chiapone was decided, the right to withdraw a guilty plea was set forth in Rule 32. And it said that you have a right to withdraw only for a fair and just reason. And this court in Chiapone said that that is more than enough to ensure that you have the constitutionally necessary right to de novo review by a district judge. Because if there is any error in the magistrate's conducting of the plea colloquy or acceptance of the guilty plea, then you would be able to assert that in your motion to withdraw for a fair and just reason. And of course, there was no error in the Rule 11 proceedings here. And the defendant has raised no argument that there is a fair and just reason, just reason, at least on appeal, warranting withdrawal of the guilty plea. If this isn't dispositive, what is? This really seems like a dispositive decision, isn't it? Certainly there are arguments for and against the Rule 59B applying, which have been set forth in the papers. Are you authorized to take a position on that? I'm not authorized to take a position. We're flying solo here. Yes, Your Honor. But we don't think the court has to reach it because this court has binding precedent on the question of magisterial authority under the FMA. Well, but Salas Garcia, no one ever raised the Rule 59, or at least you can't tell from the opinion that there was any consideration of whether the passage of Rule 59 somehow should change our precedent. That's true, Your Honor. But the fact that the argument wasn't raised doesn't mean this court can't ignore binding precedent. The adoption of Rule 59 is not an intervening change in law that predates Salas Garcia. And of course, the fact that a defendant or a litigant has come up with a new argument that was not raised in a prior case does not mean that this court is free to depart from that precedent. But we have a lot of cases that say that simply because a proposition, an argument, is lurking in the background that was not asserted, at least from the face of the argument, if there's no indication that it was presented. And Judge McHugh, I don't think you're disagreeing at least with the premise of her question, and that is in the Salas Garcia case, there was no indication that this Rule 59 argument had been presented. Is that fair? That's true. There was no indication in Salas Garcia. I will note that the government raised this argument in a footnote in its response brief in Qualls, which is a more recent case, addressing the same issue, but that was not raised by the defendant there. I still don't think that means that this court is free to depart from Salas Garcia, at least with respect to the question of whether the Federal Magistrates Act and the Constitution permit a magistrate judge to accept a guilty plea. Now, there may be a separate question as to whether there is a Rule 59 violation, but to the extent there is a Rule 59 violation, our position is that the defendant has waived, not just forfeited, but affirmatively waived any objections to the Rule 59 procedures. I understand that. But assuming, for purposes of my question, that we reject your procedural challenge, my understanding of your adversary's argument is not that it's unconstitutional for a magistrate judge to take a guilty plea, and she could maybe correct me if she has rebuttal time, but her argument, I think, is that under 636B3, it says that a magistrate judge can be referred to such additional duties as are consistent with the Constitution and laws of the United States. In laws of the United States, she argues, and I think it's correct, that a Federal Rule of Criminal Procedure is considered a law of the United States. And so I think her argument is that now, you know, we're not operating under the 1996 Rule 59 landscape. We now have Rule 59, and a magistrate judge, although in a vacuum, as in Sioponi, can be referred a dispositive matter, now we have a law of the United States that specifically forbids a magistrate judge from taking a number of dispositive matters. And so the referral is inconsistent with a law, a rule of the Rule 59. What's wrong with that argument? Well, I think the biggest flaw in that argument is that Rule 59 does not specifically say that a defendant can't waive the procedures of Rule 59 and consent to other procedures. It's just a default. And so it is common for defendants to, or it's not unusual, certainly, for defendants or for the government to waive procedures set forth in the Rules of Criminal Procedure. For example, the Rules of Criminal Procedure set forth the to a jury trial and specifically say that that right is waivable. And they set forth the standard for venue, but of course, venue is also waivable. So the Rules of Criminal Procedure are waivable. And here, to the extent that his argument is that it is not in accordance with law and therefore in violation of the Federal Magistrates Act because it violated a law, well, there is no to other than the procedures that went forth. And so that's the problem. There's no violation, Rule 59 violation here because of his consent to the procedures and his failure to raise any objections. If there are no further questions, we'd ask the court to affirm. Thank you. Thank you, counsel. I think, Ms. Rudin, your time has expired to 160 seconds. You may have it. It's dangerous to give a lawyer any time. We would ask the court, fine, just that, that Rule 59 does alter the landscape. We cannot ignore it, and we cannot insert into it language that doesn't exist. Rule 59 just changes the landscape, and it makes cases like Sioponi and Salas Garcia simply not and it is a different landscape. So we would ask you to find that as a matter of right, Mr. Garcia could withdraw his plea because it was not actually accepted before the district court based on the Rule 59 landscape. Thank you very much. Thank you, counsel. Appreciate your arguments this morning. They were very clear and forceful. Counsel, our excuse and the case shall be submitted.